# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMRO A ELANSARI,** | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 3:18-CV-1123 |
| v. | : | |
| | : | (Judge Caputo) |
| **COM. OF PENNSYLVANIA,** *et al.,* | : | |
| Respondents | : | |

# M E M O R A N D U M

## I. Background

Petitioner Amro Elansari filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Centre County Court of Common Pleas convictions for various marijuana-related charges. On November 30, 2015, following a non-jury trial, Petitioner was sentenced to ninety-five (95) days to twenty-three and a half (23 ½) months' incarceration at the Center County Correctional Facility. He received credit for ninety-five (95) days' time served. Mr. Elansari was also sentenced to an aggregate term of three (3) years' probation to run consecutively to his sentence of incarceration.[1] At all times relevant to this matter, Mr. Elansari has not been incarcerated.

Presently before the Court is Mr. Elansari's "Amend Petition for Preliminary Hearing *Ex Parte,* Motion for Emergency Stay of Judgment in Favor of Plaintiff". (ECF No. 5.) For the following reasons the motion will be denied.

---

[1] The Court takes judicial notice of the docket sheet in *Commonwealth v. Elansari*, CP-14-CR-0000408-2015 (Centre Cnty. Ct. Com. Pl.), available through Pennsylvania's Unified Judicial Docket System docket research at https://ujsportal.pacourts.us/.

## II. Discussion

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). *See also* Fed. R. Civ. P. 65. The failure to establish any of the four elements "renders a preliminary injunction inappropriate." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 210 (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). "The movant bears the burden of showing that these four factors weigh in favor of granting the injunction." *Ferring*, 765 F.3d at 210 (citing *Opticians Ass'n of Am. V. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

Here, while Mr. Elansari extolls the medicinal value of cannabis, he offers no explanation or facts suggesting he satisfies one, let alone four, of the necessary factors to warrant the issuance of a preliminary injunction. First, Mr. Elansari does not provide any evidence to support his conclusory statements that his convictions for the possession, distribution and use of marijuana violate his due process rights because the laws prohibiting the same are unconstitutional. Although Mr. Elansari undoubtedly believes "[e]verything [he has] filed with the Court has tremendous merit," he offers no

facts or legal precedent to support his claim of likelihood of success on the merits.[2] Additionally, although Petitioner argues that "[t]he tremendous and irreparable harm is clear," he does not define what irreparable harm he will suffer if a stay of his judgment is not granted pending the outcome of this matter. (ECF No. 5 at 10.) Alarmingly he states that "Plaintiff and his parents lose their life if the clear and imminent danger is not avoided and prevented," but leaves the Court to guess at what immediate peril he, or his family, faces. (*Id*. at 14.) Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chems. Corp.* 614 F.2d 351, 359 (3d Cir. 1980). Finally, the Court notes that Mr. Elansari has filed at least one similarly based motion for preliminary injunctive relief which failed for the same reasons cited by the Court today. *See Elansari v. United States*, 615 F. App'x 760, 762 (3d Cir. 2015) (upholding district court finding that "Elansari cannot show a likelihood on the success of his claim that the marijuana prohibition is unconstitutional" and that he could not show irreparable harm).

An appropriate order follows.

**Date: April 9, 2019**           /s/ A. Richard Caputo
                               **A. RICHARD CAPUTO**
                               **United States District Judge**

---

[2] To the extent Petitioner claims he was denied due process during his criminal proceedings, that is the subject of his habeas petition. Absent a showing of irreparable harm, to hold a hearing or rule on his habeas claims *ex parte,* as Petitioner requests, is unfair to the government's interest in this matter. Additionally, until a response to the habeas petition is filed, a request to hold an evidentiary hearing in this matter is premature.